UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-136-GWU

BILLY DALE HOUSTON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Billy Houston brought this action to obtain judicial review of an administrative denial decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of

1

>    impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.
>
> 4.   At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.
>
> 5.   If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher

v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional

impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Houston, a 43-year-old former assembly line worker and cook with a "limited" education, suffered from impairments related to alcohol abuse. (Tr. 20, 23). The impairments related to alcohol abuse were found to be totally disabling to the plaintiff. (Tr. 24). However, if the claimant stopped the use of alcohol, the ALJ determined that he would have no more than minimal problems in performing basic work activities. (Id.). Therefore, the ALJ found substance abuse was a material factor contributing to Houston's disability and, so, he could not be considered totally disabled.[1]

---

[1] An amendment enacted in 1996 to the Social Security Act, codified at 42 U.S.C. § 423(d)(2)(C), provides that "an individual shall not be considered to be disabled for the

5

11-136  Billy Dale Houston

After review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

Psychologist Christi Hundley examined Houston in October of 2008 and diagnosed alcohol dependence, possible alcohol withdrawal, cocaine abuse in early sustained remission and cannabis abuse in early sustained remission.  (Tr. 322). Significantly, the examiner did not identify any other mental problems besides substance abuse.  (Id.).  The plaintiff's Global Assessment of Functioning (GAF) was rated at 45 to 50.  (Id.).  Such a GAF suggests the existence of "serious" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  Hundley indicated that the claimant would have a "guarded" ability to understand and remember simple instructions, maintain attention and concentration, interact appropriately with others in a work setting, and handle work stresses. (Id.).  The examiner indicated that continued drinking negatively impacted his condition, causing his abilities to decrease.  (Id.).  Therefore, Hundley's opinion supports the administrative denial decision that alcohol abuse was a contributing material factor to Houston's disability.

---

purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."

Psychologists Jan Jacobson (Tr. 351-352) and Laura Cutler (Tr. 370-371) each reviewed the record and opined that Houston suffered from a number of mental restrictions including a "marked" limitation of his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, and a "moderate" restriction of ability in such areas as dealing with detailed instructions, maintaining attention and concentration for extended time periods, completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods, interacting appropriately with the general public, accepting instructions and responding appropriately to criticism from supervisors, and responding appropriately to changes in the work setting.  These limitations were related to alcohol and other substance abuse.  (Tr. 353, 372). Neither reviewer identified the existence of other mental problems afflicting the plaintiff beyond substance abuse. (Tr. 337-350, 356-369).  Thus, all the restrictions identified by the reviewers relate to the alcohol abuse problem.  Therefore, these opinions also support the administrative denial decision.

Houston argues that the ALJ erred in failing to consider any of his other mental impairments in finding that only his alcoholism was disabling.  The plaintiff attached an article to his brief indicating that alcohol abuse could be exacerbated by other mental health problems.  Docket Entry No. 13, Attachment No. 2. However, as found by the ALJ, the evidence of record did not support the existence

of another mental impairment which would impose functional restrictions on the claimant. (Tr. 21). As previously noted, neither Hundley nor the reviewers indicated that Houston suffered from another mental impairment apart from substance abuse. The plaintiff was treated at the University of Kentucky Medical Center in February of 2008 for alcohol intoxication and the staff failed to identify the existence of another mental impairment apart from alcohol abuse. (Tr. 286-293). Treatment notes from the White House Clinic indicate that while the claimant complained about anxiety (Tr. 325), the staff only assessed chronic alcoholism as a problem (Tr. 323, 326, 332). Therefore, the undersigned must reject the plaintiff's argument.

The ALJ also properly determined that Houston did not suffer from a "severe" physical impairment. Dr. Samuel Deel examined the plaintiff and noted complaints of hypertension and pain in his back, legs, and hands. (Tr. 333). Medication had kept his blood pressure under good control for several months. (Id.). The physical examination results did not provide objective evidence to support his multiple pain issues. (Tr. 335). Dr. Deel opined that Houston's physical problems did not limit his ability to lift, carry, walk, stand, sit, perform physical or postural activities and he had no environmental restrictions. (Id.). Therefore, this report provides strong support for the administrative decision.

Dr. Robert Brown reviewed the record in February of 2009. Dr. Brown opined that Houston's physical problems were "less than severe." (Tr. 375). This report

also supports the administrative decision finding that the plaintiff's physical problems were not a "severe" impairment.

Houston argues that the ALJ did not properly evaluate his subjective pain complaints.  Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986):  there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Houston does not meet the first required prong since he was properly found not to suffer from a "severe" physical problem as supported by the evidence supplied by Dr. Deel and Dr. Brown.  Even if he could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the plaintiff does not meet either of the alternative second prongs.  Dr. Deel found no decrease in sensation, strength or reflexes upon physical examination. (Tr. 334).  Straight leg raising was negative. (Id.).  Muscle weakness was not detected. (Id.).  Corrected vision was 20/25. (Id.).  In November of 2009, the claimant was treated at the University of Kentucky Medical Center following a motorcycle accident.  At this time, he was found to have no obvious neurological deficits. (Tr. 400).  An x-ray of the pelvis was unremarkable. (Tr. 409).  A CT scan of the head revealed no intracranial abnormality. (Tr. 411).  A CT scan of the cervical spine revealed degenerative

11-136 Billy Dale Houston

changes but no acute fracture or other malalignment of the spine. (Tr. 413). Similar findings were made with regard to CT scans of the lumbar spine and the thoracic spine. (Tr. 418-419). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Houston's pain complaints.

The undersigned concludes that the administrative decision should be affirmed. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of March, 2012.

Signed By:

*G. Wix Unthank*

United States Senior Judge